UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT T. OWENS, JR.,

    Plaintiff,

v.                                        Case No. 3:21cv4815-MCR-HTC

DONALD LEAVINS, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Albert T. Owens, Jr., a prisoner proceeding *pro se*, who is a prolific filer and 3-striker, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 based on issues with the ventilation system at Santa Rosa Correctional Institution. ECF Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis* on this Court's prisoner forms. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Upon reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE as malicious and as abuse of the judicial process for Plaintiff's failure to truthfully disclose his

litigation history.  Also, as a separate and independent ground for dismissal, Plaintiff is a 3-striker who did not pay the filing fee when he filed this action.  Plaintiff has been told by this Court on numerous occasions of his 3-striker status and that he *must* pay the filing fee and continues to ignore that directive.  Indeed, as discussed below, Plaintiff is a prolific filer and 3-striker, who is no stranger to this Court's forms.  Thus, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

## I.     STANDARD OF REVIEW

Because Plaintiff is an inmate seeking relief against governmental employees, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)."  *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II. PLAINTIFF'S FAILURE TO TRUTHFULLY DISCLOSE HIS LITIGATION HISTORY

As an initial matter, Plaintiff is a prolific filer who has filed over 200 state and federal cases related to his conditions of confinement or challenging his conviction. Thus, as a repeat litigant in this District, who has previously used this Court's forms, Plaintiff is aware that he must disclose his *full and complete* litigation history. Indeed, Plaintiff has filed ten (10) cases in this district. Thus, Plaintiff is well aware that anything less than full disclosure will result in dismissal of this action. Despite that knowledge and despite signing his complaint under penalty of perjury, Plaintiff made false representations on the complaint form.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned identified the following eleven (11) federal actions, which Plaintiff previously filed challenging his conviction or otherwise related to his conditions of confinement and which were not included in Plaintiff's disclosure:

*In re: Albert Owens*, 2011op14152 (U.S. Court of Appeals, Eleventh Circuit) (application for leave to file successive habeas petition)

      *Owens v. States of Florida*, 2011stp15740 (U.S. Court of Appeals, Eleventh Circuit) (3530 habeas)

      *In re: Albert Owens*, 2011op16186 (U.S. Court of Appeals, Eleventh Circuit) (3530 Habeas)

      *Owens v. State of Florida*, 2012stp12034 (U.S. Court of Appeals, Eleventh Circuit) (3530 habeas)

      *Owens v. Secretary, Florida Department*, 2012stp12036 (U.S. Court of Appeals, Eleventh Circuit) (3530 habeas)

      *In re: Albert Owens*, 2013op15445 (U.S. Court of Appeals, Eleventh Circuit) (application for leave to file successive habeas petition)

      *Owens v. State of Florida*, 1:2005cv21575 (Florida Southern District Court) (2241 habeas)

      *Owens v. Dept. of Corrections*, 1:2006cv21736 (Florida Southern District Court) (2254 habeas)

      *Owens v. McDonough*, 1:2007cv20705 (Florida Southern District Court) (2254 habeas)

      *Owens v. Dept. of Corrections*, 1:2011cv23094 (Florida Southern District Court) (2254 habeas)

      *Owens v. Florida Dept. of Corrections*, 1:2012cv21567 (Florida Southern District Court) (2254 habeas)

Each of those cases bear Plaintiff's same name and Federal Department of Corrections inmate number 193166, and the signatures in those cases are identical to the signature in this case. There can be no doubt that these cases were filed by Plaintiff and should have been disclosed. Thus, Plaintiff clearly knew at the time he signed his complaint that his allegations were not truthful.

Case No. 3:21cv4815-MCR-HTC

Plaintiff's failure to disclose those eleven (11) cases was not his only misrepresentation. As discussed in section III, below, Plaintiff is a 3-striker and was less than candid about this status. Section D of the complaint form asks whether Plaintiff has filed any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. ECF Doc. 1 at 5. Plaintiff checked the box next to "Yes," but then disclosed only one case. *Id*. at 5. Although Plaintiff attempts to identify a host of other state and federal cases he has filed, he does so in response to only Section C of the form, which asks for all cases filed either in state or federal court dealing with the manner of his incarceration or the conditions of confinement. *Id.*

Moreover, in an obvious attempt to hide his 3-strike status as to all those disclosed cases, Plaintiff states "don't recall" for the basis of dismissal *and*, to further disguise the issue, submitted a motion to proceed *in forma pauperis*. *Id.* at 7-40. Plaintiff cloaked his 3-striker status even though Judge Stampelos told Plaintiff in 2017 that "it would behoove Plaintiff to acknowledge at the outset of such litigation that he has three strikes under § 1915(g), but seeks in forma pauperis status to present a claim limited to allegations of imminent, serious physical injury." *See* ECF Doc. 7, *Owens v. Chaudry*, 4:17-cv53MW/CAS. The Court cannot and should not tolerate such conduct.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

### III. PLAINTIFF IS A 3-STRIKER

Although Plaintiff's failure to disclose his complete litigation history and his 3-striker status are sufficient grounds for dismissal, as an additional ground for

dismissal, Plaintiff did not pay the filing fee when he filed this complaint, despite his 3-striker status.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* ("IFP") if the prisoner previously filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Case No. 3:21cv4815-MCR-HTC

Plaintiff is a well aware of this requirement because this Court has dismissed a number of Plaintiff's cases for failure to pay the filing fee. *See Owens v. Comerford*, 3:15-cv-164MCR/CJK (finding Plaintiff to be a 3-striker, not in imminent danger, and dismissing complaint for failure to pay filing fee); *Owens v. Chaudry*, *Owens v. Jones*, Case No. 4:16cv399RH/GRJ (same); 4:17cv53MW/CAS (same)*; Owens v. Secretary*, 3:15-cv-300RV/EMT (same). Nonetheless, Plaintiff filed this action without paying the filing fee.

Also, while there is a narrow exception to the 3-striker rule for a prisoner who sufficiently alleges he is under "imminent danger of serious physical injury," that exception does not apply here. 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). In fact, the Court takes note that Plaintiff has attempted to take advantage of this exception several times by alleging similar allegations of purported illness from conditions at the jail. Plaintiff was not successful in those cases, and this case fares no better.

To fall within the "imminent danger of serious physical injury" exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations, which are not grounded in specific facts indicating that serious physical injury is imminent, are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)

(holding a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ."); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff alleges in the complaint that there are dust particles coming out of the jail's ventilation system and that he is ingesting those particles, which is causing him to have breathing problems. ECF Doc. 1. He also alleges, however, that he has been moved to a different dorm (though he claims the other dorm is no better); that he has been given various prescription medications to assist with his congestion; and that officers have even attempted to clean the ventilation system (though he claims the cleaning is not sufficient). *Id.* To the extent Plaintiff believes these allegations support a finding that he is in imminent danger of physical injury, he is wrong.

In fact, this is not the first time Plaintiff has unsuccessfully alleged that unsanitary conditions at the institution have caused him physical harm as a basis for a finding of imminent danger. Plaintiff made similar allegations in at least three cases.

Case 3:21-cv-04815-MCR-HTC   Document 5   Filed 01/05/22   Page 10 of 13

Page 10 of 11

In *Owens v. Sec'y*, 3:15cv272MCR/EMT, Plaintiff alleged that back-up sewage was causing him to have a fungal infection.  The Court, however, found such allegations were insufficient to show an imminent danger of physical injury.  *See* ECF Doc. 9, 3:15-cv-272.  In Judge Timothy's report and recommendation, which was adopted by this Court, Judge Timothy stated "[t]he alleged problems with sewage in his cell do not appear to be of an ongoing nature, despite Plaintiff's evident struggles with the staff as to which cleaning materials are appropriate for his cell or his alleged medical condition." *Id.*

Plaintiff also alleged unsanitary conditions leading to injury in *Owens v. Sec'y*, 3:15-cv-300RV/EMT.  There, Plaintiff alleged officers were dropping his epilepsy medication on the floor and because the floors are not clean Plaintiff will not take them, which causes him to suffer headaches, dizziness, and myoclonic seizures.  He also claimed his requests for medical examination was being denied.  The Court found those allegations insufficient to show an imminent danger of physical injury. *See* ECF Doc. 6, 3:15cv300.

As recently at this past year, Plaintiff filed an action with this Court alleging that he was "forced to continue working" in the foods service area with "steam, fire, chemicals and machinery without approved medical staff", which "aggravat[ed] his epileptic condition" "causing him to experience epileptic auras" and "suffer a residual loss of consciousness"   ECF Doc. 12, *Owens v. Leavins,*

3:21cv1778MCR/EMT. Plaintiff further alleges he was moved from that assignment after falling "into a boiling hot kettle of water in convulsions," and received medical treatment, but defendants threatened to reassign him to the food service area if he did not stop filing grievances. *Id.* This Court found those allegations insufficient to establish imminent danger.

The undersigned finds those cases to be instructive. Like *Owens v. Sec'y*, Plaintiff admits officials are attempting to rectify the situation, *albeit* not to Plaintiff's expectations, and giving him various medications to treat his condition. Thus, while a claim regarding poor ventilation may constitute imminent danger,[1] the facts alleged here, which show an attempt by the institution to clean the vents, move Plaintiff, and give him medication do not support such a finding.

Finally, to the extent Plaintiff contends that his allegations regarding officers threats to break his fingers if he continues to complain shows he is in imminent danger – the undersigned also disagrees. *See Brown v. Johnson*, 38 F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy imminent danger exception); *Dice v. Inch*, No. 3:20cv5777-LC-HTC, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("Dice's allegations of a future risk of

---

[1] *See Gibbs v. Cross,* 160 F.3d 962 (3d Cir. 1998) (finding imminent danger based on allegation of inhalation of dust particles in lungs, but without any efforts at remediation or treatment, and noting plaintiff had been living under the conditions complained of for some time).

Case No. 3:21cv4815-MCR-HTC

attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm."), *adopted by* 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020); *Scott v. Stark*, No. CV 17-1697-SDD-EWD, 2019 WL 157733, at *2 (M.D. La. Jan. 10, 2019) (finding plaintiff's allegations that he was subjected to excessive force on two days and thereafter received continuing threats of harm too conclusory and do not support a finding that he faces an actual imminent danger of physical injury); *Moss v. Jones*, No. 5:07-cv-29 (HL), 2007 WL 247726, at *1–2 (M.D. Ga. Jan. 25, 2007) (dismissing under § 1915(g) a claim that plaintiff was subjected to excessive force on one occasion followed by the assistant warden whispering threats in plaintiff's ear because "such hypothetical, potential injury does not satisfy the imminent danger exception of section 1915(g)"); *Littlejohn v. Baines*, 2021 WL 4928301, at *1 (N.D. Ga. Sept. 22, 2021) (finding no imminent danger based on ongoing threats of food being poised and "folks going to kill you").

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2.   The clerk be directed to close this file.

At Pensacola, Florida, this 5th day of January, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.